Opinion issued June 3, 2010

 

 

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

 

 

 

 

 

In The

Court of
Appeals

For The

First District
of Texas

————————————
 
 


NO. 01-09-00789-CR

————————————
 
 


KEVIN JACOB SMITH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 
 

 
 
 



On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 1227499

 


 
 

 
 
 



MEMORANDUM OPINION

A jury found appellant, Kevin Jacob
Smith, guilty of the offense of aggravated assault[1]
and assessed his punishment at confinement for sixty years.  In a single point of error, appellant
contends that the evidence is factually insufficient to support his conviction.

          We
affirm.

Background

Jermichael Harris, the complainant,
testified that he was a crack cocaine dealer and had been selling crack cocaine
in the early morning hours of March 16, 2008. 
He and Latrell Morgan then went to a friend’s house and fell asleep in a
car.  Later that morning, they awoke and went
together to a vacant lot.  The
complainant then went to a store where he saw appellant, known to him as
“Idawild,” ride by on a bicycle.  When
the complainant returned to the lot, he saw Morgan talking with appellant.  Appellant asked the complainant for a
cigarette, and the complainant gave him one. 
Appellant then became upset, “talking, you know, sounding . . . like,
crazy talk,” pulled out of his front pocket a “black revolver, a .38,” and said
“[Y]ou already know what it is.”  The
complainant gave appellant his money, and appellant then shot the complainant
twice in his left leg.  Appellant
immediately ran away.

Latrell Morgan testified that he had
been talking with appellant, whom he also knew as “Idawild,” before the
complainant returned from the store. 
Appellant asked Morgan if the complainant had any money.  When the complainant approached, appellant
asked him for a cigarette and how much money he had.  Appellant then shot the complainant with
“like a .38, .32 revolver.”  

Prior to testifying, Morgan had
signed, in the presence of “a couple of friends” and appellant’s uncle, who
gave him “beer [and] drugs,” an affidavit stating that he did not see appellant
shoot the complainant.  Morgan explained
that it was not his idea to write the affidavit; he did not sign it in front of
a notary even though a notary’s seal was affixed to the affidavit; and he
signed it because he was in “fear of [his] life.”  Morgan, who was incarcerated pending trial
for the offense of unauthorized use of a motor vehicle, had also been in the
same Harris County Jail cell block as appellant, who told him to “stick to the
story.”  

Morgan admitted that he had a prior
felony conviction for the offense of possession of a controlled substance.  Around the time of the shooting, he had been using
“embalming fluid,” which gave him a week-long “high,” but during the evening
before the shooting, he had only smoked marijuana.  He explained that he was not “feeling the
effects” of any narcotics at the time of the shooting. 

Factual Sufficiency

In his sole point of error, appellant
argues that the evidence is factually insufficient to support his conviction
because the complainant and Morgan had “enormous credibility problems” and the
jury should not have believed them.

In a factual sufficiency review, we
view all the evidence in a neutral light, both for and against the finding, and
set aside the verdict if the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, i.e., that the verdict seems “clearly
wrong and manifestly unjust,” or the proof of guilt, although legally sufficient,
is nevertheless against the great weight and preponderance of the evidence.  Watson
v. State, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006).  We note that a jury is in the best position to
evaluate the credibility of witnesses, and we afford due deference to the jury’s
determinations.  Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).  Although we should always be “mindful” that a
jury is in the best position to decide the facts and that we should not order a
new trial simply because we disagree with the verdict, it is “the very nature
of a factual-sufficiency review that . . . authorizes an appellate court,
albeit to a very limited degree, to act in the capacity of a so-called
‘thirteenth juror.’”  Watson, 204 S.W.3d at 414, 416–17.  Thus, when an appellate court is “able to say,
with some objective basis in the record, that the great weight and preponderance of the (albeit legally sufficient)
evidence contradicts the jury’s verdict[,] . . . it is justified in exercising
its appellate fact jurisdiction to order a new trial.”  Id.
at 417.

An individual commits the offense of aggravated
assault if he “intentionally, knowingly, or recklessly causes bodily injury to
another” and “uses or exhibits a deadly weapon during the commission of the assault.”  Tex. Penal
Code Ann. §§ 22.01(a)(1), 22.02(a)(2) (Vernon Supp. 2009).  

It is true, as appellant asserts,
that the complainant was an admitted crack cocaine dealer, who was not
“particularly savory,” and Morgan was “a convicted felon,” who admitted to
“regular use” of embalming fluid and gave a “sworn” statement that appellant
was not the shooter.  However, a jury is
not required to find a witness inherently not credible simply because of his unsavoriness,
his prior convictions, or his prior inconsistent statements.  See Tex. R. Evid. 609(a), 613(a) (evidence
of witness’s prior convictions or inconsistent statements admissible on issue
of witness’s credibility); United States
v. Bermea, 30 F.3d 1539, 1552 (5th Cir. 1994) (testimony not credible “as a
matter of law only if it relates to facts that the witness could not possibly
have observed or to events which could not have occurred under the laws of
nature”).  Here, nothing in the record
suggests that the complainant or Morgan could not clearly see that appellant
shot the complainant.  In fact, both
unequivocally testified that appellant shot the complainant.  The jury, fully aware of the facts emphasized
by appellant, could have believed some, all, or none of the complainant’s and
Morgan’s testimony.  See Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (en
banc).  We conclude that the evidence is
not so obviously weak such that the verdict is clearly wrong and manifestly
unjust, or that the proof of guilt is against the great weight and
preponderance of the evidence.  Accordingly,
we hold that the evidence is factually sufficient to support appellant’s
conviction.

We overrule appellant’s sole point of
error.

Conclusion

          We
affirm the judgment of the trial court.

 

 

 

                                                                             Terry
Jennings

                                                                             Justice

 

Panel
consists of Justices Jennings, Alcala, and Massengale.

 

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]           See
Tex. Penal
Code Ann. §§ 22.01(a)(1), 22.02(a)(2)
(Vernon Supp. 2009).